# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LOVE,<br><br>      Plaintiff,<br><br>v.<br><br>VIE-DEL,<br><br>      Defendants | 1: 12-cv-01055-LJO-BAM<br><br>**FINDINGS & RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE** |

Plaintiff William Love ("Plaintiff") filed this employment discrimination action on June 28, 2012. (Doc. 1.) On that same date, Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP"), seeking to be excused from having to pay the required $350.00 filing fee. (Doc. 2.)

## I. DISCUSSION

**A.  Legal Standard**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds). Where the applicant has knowingly provided inaccurate

1

information on his or her in forma pauperis application, a court is authorized to dismiss the action with prejudice. *See Thomas v. Gen'l Motors Acceptance Corp.,* 288 F.3d 305, 306 (7th Cir. 2002); *Attwood v. Singletary,* 105 F.3d 610, 612-13 (11th Cir. 1997).

**B.      Plaintiff Has Misrepresented His Poverty Status In His IFP Application**

In Plaintiff's IFP Application, Plaintiff declares, under penalty of perjury, that over the past twelve months, that Plaintiff has not received any income from any: business, profession or other self-employment; rent payments, interest or dividends; pensions, annuities or life insurance payments; disability or workers' compensation payments; gifts or inheritances; or any other sources. (Doc. 2 at 1.) Plaintiff additionally claims that he does not own any real estate, stocks, bonds, securities, automobiles nor any other thing of value. (Doc. 2 at 2.) Plaintiff has also represented that he does not have any monthly expenses, including housing, transportation, utilities or loan payments. *Id.*

According to Plaintiff's IFP Application,  Plaintiff's only asset is $50 which Plaintiff has in either cash, his checking or savings accounts. (Doc. 2 at 2.) Plaintiff, however, also stated that he has three daughters, each of which relies on Plaintiff for financial support in the amount of "$100."[1]  (Doc. 2 at 2.)

Plaintiff's representation that he has not received a single dollar in the past twelve months can not be squared with his contrary representation that he is responsible for financially supporting his three daughters in an amount of at least $300 over the past twelve months.  This is particularly true when Plaintiff has represented he does not possess a single asset aside from fifty dollars.  Plaintiff's lack of candor and cavalier treatment of his poverty status in completing his IFP Application demonstrates that Plaintiff has not been entirely truthful.

Plaintiff does not have a right to proceed informa pauperis.  It is a privilege.   It is a privilege which will be granted only upon full and complete truthful statements made to this Court.  Plaintiff's representations in his IFP Application are not the full and complete truth.  The

---

[1] It is unclear if this financial support is provided on a weekly, monthly or yearly basis.

Court would be well within its discretion to dismiss Plaintiff's claims for such misrepresentations. At this time, however, the Court will only deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice.

## II.   RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1   Plaintiff's Application to Proceed In Forma Pauperis be denied without prejudice;

2   Plaintiff be ORDERED to submit an amended In Forma Pauperis Application within 30 days of the date that these Findings & Recommendations are adopted.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 11, 2012**             /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

3